**NAVAJO TRIBE OF INDIANS**

v.

**The UNITED STATES.**

No. 49692.

United States Court of Claims.

Nov. 10, 1966.

Marvin J. Sonosky, Washington, D. C., for plaintiff; Norman M. Littell, Washington, D. C., attorney of record.

Floyd L. France, Washington, D. C., with whom was Asst. Atty. Gen. Edwin L. Weisl, Jr., for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, and COLLINS, Judges.

COLLINS, Judge.

On July 15, 1966, this court, pursuant to a special jurisdictional act,[1] awarded judgment to plaintiff, the Navajo Tribe of Indians. (364 F.2d 320, 176 Ct.Cl. ——.) Judgment was stayed pending the disposition of defendant's counterclaim—a matter which is now before the court on plaintiff's motion to dismiss. Plaintiff's motion is granted for the following reasons:

The counterclaim in issue seeks judgment against plaintiff tribe for the recovery of certain congressionally authorized appropriations made in behalf of, and expended for the benefit of, the Navajo Indians. The specific measures involved are the following: The Act of February 14, 1920,[2] which provided, *inter alia*, for an appropriation of $100,000 for the purchase and lease of land for the Navajo Tribes; the Act of February 14, 1931,[3] likewise allotting $100,000 for the purchase of land and water rights for the Indians of the Navajo Tribe; and the Act of June 19, 1934,[4] which appropriated $481,879.38 for the purchase of land and improvements thereon for the Navajo Indians in Arizona.

Defendant claims entitlement to recovery of the sums appropriated under the foregoing acts on the theory that any expenditure thereunder, having been specifically conditioned by Congress as "reimbursable," therefore constitutes a debt, presently due and owing to the

---

1. Act of June 27, 1947, ch. 158, 61 Stat. 189, amended by Act of July 29, 1954, ch. 617, 68 Stat. 580.

2. Chapter 75, § 13, 41 Stat. 422, 423.

3. Chapter 187, 46 Stat. 1115, 1122.

4. Chapter 648, 48 Stat. 1021, 1033.

United States, for which judgment may now be granted.

We take no issue with the right of the United States to its asserted claim for recovery of the "reimbursable" expenditures made under the acts in question. Rather, our dismissal of defendant's counterclaim is predicated entirely on the fact that the settlement of such reimbursable accounts is a matter which Congress has reserved, at least initially, for exclusive administrative determination.

Under the Act of July 1, 1932,[5] Congress authorized the Secretary of the Interior to *"adjust or eliminate* reimbursable charges of the Government of the United States existing as debts against individual Indians or tribes of Indians * * *."* (Emphasis supplied.) The cited act provides as follows:

> The Secretary of the Interior is hereby authorized and directed to adjust or eliminate reimbursable charges of the Government of the United States existing as debts against individual Indians or tribes of Indians in such a way as shall be equitable and just in consideration of all the circumstances under which such charges were made: *Provided,* That the collection of all construction costs against any Indian owned lands within any Government irrigation project is hereby deferred, and no assessments shall be made on behalf of such charges against such lands until the Indian title thereto shall have been extinguished, and any construction assessments heretofore levied against such lands in accordance with the provisions of section 386 of this title, and uncollected, are hereby canceled: *Provided further,* That a report shall be made to Congress annually, on the first Monday in December, showing adjustments so made during the preceding fiscal year: *Provided further,* That any proceedings hereunder shall not be effective until approved by Congress unless Congress shall have failed to act favorably or unfavorably thereon by concurrent resolution within sixty legislative days after the filing of said report, in which case they shall become effective at the termination of the said sixty legislative days.

Consideration of the above dictates the action we have taken. Not only does the act vest exclusive control of reimbursable charges in the office of the Secretary of the Interior (a power which he holds to this day), but it also directs that the Secretary's action pursuant to his delegated power be made the subject of congressional review. It would be novel were we, at this juncture, to oust both the Secretary's power either to adjust or liquidate the reimbursable charges in question and Congress' expressly reserved right to review such matters. If it be argued that granting a judgment would not have that effect and that the Secretary's discretionary power could thereafter still be exercised to eliminate the reimbursement, our judgment would be either a futility or, at the very least, a totally unnecessary act. Plainly, the act in question directs a prior administrative action.

By way of additional support for our conclusion, we point to the Act of April 4, 1910,[6] which, as amended, provides the following:

> The Secretary of the Interior shall cause to be stated annual accounts between the United States and each tribe of Indians arising under appropriations made, which by law are required to be reimbursed to the United States, crediting in said accounts the sums so reimbursed, if any; *and the Secretary of the Interior shall pay, out of any fund or funds belonging to such tribe or tribes of Indians applicable thereto and held by the United States in trust or otherwise, all balances of accounts due to the United States and not al-*

---

5. Chapter 369, 47 Stat. 564, 25 U.S.C. § 386a (1964).

6. Chapter 140, § 1, 36 Stat. 269, 270, as amended, 25 U.S.C. § 145 (1964).

*ready reimbursed to the Treasury,* and deposit such sums in the Treasury as miscellaneous receipts; and such accounts shall be received and examined by the General Accounting Office and the balances arising thereon certified to the Secretary of the Treasury. (Emphasis supplied.)

Since the statute (25 U.S.C. § 145) vests in the Secretary of the Interior the right to effect a reimbursement, it seems hardly necessary that this right be either affirmed or implemented in the form of a court judgment. Indeed, it would appear to us that judicial intervention in this area necessitates, in the first instance, the presentation of a question framed in the context of an actual controversy between the parties. That is not the case here. To date, the Secretary has made no attempt to secure a reimbursement of the sums involved in defendant's counterclaim. Absent such demand on his part, there can be no objection by plaintiff either to the Secretary's right to reimbursement or to the manner in which such right might be exercised. In short, defendant does not present a claim that is ripe for settlement. The counterclaim is, at best, premature.

A conjunctive reading of the statutes dealing with the power conferred upon the Secretary of the Interior compels some form of positive administrative action directed toward either a reimbursement, an adjustment, or a cancellation of the "reimbursable expenditures." A judgment by this court, on the matter as it stands now, would usurp the power vested in the Secretary of the Interior and, therefore, violate a most clearly manifested congressional intent.

For the reasons stated, plaintiff's motion is granted, and defendant's counterclaim is dismissed. Further, the stay of payment of judgment to plaintiff, pursuant to the court's opinion of July 15, 1966, is hereby vacated.